Eastern District of Kentucky
**TENDERED**
Date: 4-11-05
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 05-CR-07-DCR

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                                    **PLEA AGREEMENT**

JAMES LEROY GARY                                                              DEFENDANT

\* \* \* \* \*

1. The United States of America and the Defendant enter into this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c).

2. The Defendant agrees to enter a plea of guilty, not a nolo contendere or *Alford* plea, to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 1791(a)(2). At the time of the entry of the guilty plea, the Defendant will admit all facts alleged in Count 1.

3. The essential elements of Count 1 are:

    (a) that the defendant, an inmate at FCI, Manchester, Kentucky, did knowingly possess a prohibited object, to wit, methamphetamine

    (b) that methamphetamine is a schedule II controlled substance

    (c) said events took place within the Eastern District of Kentucky

4. As to Count 1 the United States could prove the following facts beyond a reasonable doubt:

> (a) That on or about January 24, 2004 in Clay County in the Eastern District of Kentucky and within FCI - Manchester where this defendant was a federal inmate, he did possess a prohibited object that is methamphetamine. Specifically, a search of the defendant's locker at FCI Manchester revealed packets which tested positive for methamphetamine at the KSP lab. There was less than one gram. This defendant subsequently admitted that he knew it was methamphetamine.

These facts accurately represent the Defendant's offense conduct and establish the essential elements of the offense.

5. No agreement exists about what the Defendant's sentence will be.

6. No agreement exists as to the defendant's criminal history.

7. The maximum statutory punishment for Count 1 is not more than 20 years imprisonment, a fine of not more than $ 250,000, or both, and a term of supervised release of not more than ~~3~~ *3yrs* [DCR] years.

A mandatory special assessment of $100.00 per count applies and the Defendant will pay this assessment to the U.S. District Court Clerk at the time sentencing.

7. The United States and the Defendant recommend the following sentencing guidelines calculations and they may object to other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines, November 1, 2004 manual will determine the Defendant's guideline range.

(b) Pursuant to § 2P1.2 (a)(2) the base offense level is a 13 as the prohibited object was methamphetamine.

(c) Pursuant to § 3E1.1(a), decrease the base offense level by 2 levels for the Defendant's acceptance of responsibility.

8. The United States will not bring additional charges against the Defendant based upon evidence in its possession regarding the facts of this Indictment at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky unless the Defendant breaches this Agreement.

9. This Agreement does not bind the United States Attorney's Offices in other districts concerning matters under investigation or prosecution in the other districts.

10. All statements and testimony that the Defendant provides must be truthful. This Agreement does not preclude the prosecution of the Defendant for perjury or making false declarations relating to statements or any testimony rendered pursuant to this Agreement.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

12. The Defendant waives the statutory right to appeal and the right to collaterally attack the guilty plea and the conviction.

13. The Defendant has cooperated with the United States in the investigation or prosecution of the matters in the Indictment and all related matters, including, but not limited to potentially testifying in all proceedings. The United States will file a motion for a downward departure from the sentencing guidelines and or applicable statutory minimum mandatory sentence. The decision to file a motion is solely within the discretion of the United States. If the Defendant violates any part of this Agreement, the United States has the option of voiding this Agreement and seeking an indictment for any violations of federal laws and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Date: 4/11/05

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY

By: _____
Roger W. West
Assistant United States Attorney

Date: 3-11-05 *April DCR*

_____
James Leroy Gary
Defendant

Date: 3-16-05

_____
Hon. Fred White
Attorney for Defendant

**APPROVED**, this _____ day of _____, 2005.


_____
UNITED STATES DISTRICT JUDGE